**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:15-CR-6(12) |
| | § | |
| MICHAEL ANDREW MARZ | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Michael Andrew Marz's ("Marz") *pro se* Motion for

Release from Home Confinement (#656) and *pro se* Motion for Early Release from Custody (#657).

In the first motion (#656), filed on October 28, 2025, Marz states that he is 75 years old and "is

very nearly unemployable." He asserts that he has a job working as a helper for a handyman

service but he has been told that he cannot have a job that requires him to be mobile. Marz

maintains that "I sit here 7 days a week unless I have a doctor['s] appointment."[1] He adds that he

has a prostate condition, is scheduled for a colonoscopy in May 2026, and takes blood pressure,

thyroid, and cholesterol medications, as well as a blood thinner for gout. Marz also asks the court

to consider appointing him counsel. In his second motion (#657), filed on February 2, 2026, Marz

seeks early release from custody and "release of the monitoring and allowing him to return to a

home life style attempting to seek further employment in the field that he is qualified in." Marz also

requests "hardship credit for hard time served" as well as certain adjustments to his sentence

stemming from an apparent effort to relitigate his underlying criminal conviction in which he raises

the question, "Can we say that Michael Andrew Marz was rightly charged in this indictment?"

---

[1] The court questions whether Marz is, in fact, so restricted as he claims, as persons on home confinement are generally permitted to leave their residence for a variety of pre-approved, scheduled activities such as working at authorized occupations in approved locations, consulting with legal counsel, attending religious services, as well as seeking medical care.

The Government filed a response (#661) to Marz's motions. The Government does not oppose Marz's motion to appoint counsel. Construing Marz's motions for early release as motions for reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A), the Government points out that "it does not appear from the face of either motion that Marz has satisfied the mandatory administrative exhaustion requirement of that provision" but "does not take a position at this time as to the substance of Marz's request for early release from custody." After reviewing the first motion and Marz's record of compliance, United States Probation and Pretrial Services ("Probation") recommends denying the motion. Probation was not asked to respond to the second motion. Probation further notes, "Mr. Marz did not exhaust his administrative remedies prior to filing the instant motion." Having considered the motions, the Government's response, Probation's recommendation, the record, and the applicable law, the court is of the opinion that Marz's motions should be dismissed or, in the alternative, denied.

I.    Background

On February 4, 2015, a federal grand jury for the Eastern District of Texas, Beaumont Division, returned a one-count Indictment against Marz and twelve codefendants charging them with Conspiracy to Possess with Intent to Distribute a Controlled Substance (500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of "actual" and "ice" methamphetamine) in violation of 21 U.S.C. §§ 841(a) & 846 (#3). On October 14, 2015, the United States Attorney filed a single-count Information charging Marz with Conspiracy to Possess with Intent to Distribute 5 Grams or More But Less Than 50 Grams of "Actual" Methamphetamine (#293). On November 23, 2015, Marz pleaded guilty to the charged offense before United States Magistrate Judge Zack Hawthorn pursuant to a plea agreement. On

April 12, 2026, the court sentenced Marz to 188 months' imprisonment followed by a four-year term of supervised release (#483) pursuant to the terms of the plea agreement.

Marz has an extensive criminal history and was deemed a career offender in the Presentence Investigation Report ("PSR"). He has prior convictions for burglary (2x), receiving stolen property (3x), an undisclosed traffic offense for which he received jail time (2x), unauthorized use of a motor vehicle (3x), unlawfully carrying a weapon (2x), possession with intent to deliver a controlled substance (MDMA), burglary of a habitation with intent to commit theft, robbery, driving while license suspended (3x), and possession of cocaine. He failed to comply with previous terms of probation and parole, and he was on parole at the time he committed his offense of conviction. Marz also has a long history of poly-substance abuse.

Marz did not appeal his conviction or sentence. On October 21, 2016, however, Marz filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in Case No. 1:16-CR-442, which was denied by the court on March 12, 2020. On August 17, 2021, Marz filed a *pro se* Application for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (#605), which the court denied on November 22, 2021 (#614). Marz is currently serving a term of home confinement at his residence in Houston, Texas. The projected termination date of his sentence is June 19, 2027.

II.     Appointment of Counsel

Marz requests the appointment of counsel to assist him in filing a motion for sentence reduction/compassionate release from custody under 18 U.S.C. § 3582(c)(1)(A). There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and

no further."); *see Garza v. Idaho*, 586 U.S. 232, 245-46 (2019); *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991); *Albarran v. White*, No. 24-2758, 2025 WL 1625537, at *1 (9th Cir. June 9, 2025); *United States v. Jones*, No. 24-11675, 2025 WL 733234, at *2 (11th Cir. Mar. 7, 2025); *Pettis v. United States*, 129 F.4th 1057, 1063 (7th Cir. 2025) ("There is no constitutional right to counsel in postconviction proceedings."); *Tong v. Lumpkin*, 90 F.4th 857, 863 n.2 (5th Cir. 2024); *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (finding that "every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings"); *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017). Specifically, the Supreme Court of the United States has stated:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

*Finley*, 481 U.S. at 555 (internal citations omitted).

The court may, however, in the interest of justice, appoint counsel to assist a defendant in the pursuit of post-conviction relief where a defendant has raised nonfrivolous claims with factually and/or legally complex issues. *United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023); *see United States v. Garza*, No. 24-40425, 2025 WL 429978, at *1 (5th Cir. Feb. 7, 2025); *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("After [a defendant's first appeal], the decision whether to appoint counsel rests in the discretion of the district court.").

> The exercise of discretion in this area is guided . . . by certain basic principles. When applying this standard and exercising its discretion in this field, the court

should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*United States v. Molina-Flores*, No. 3:16-CR-130-N (19), 2018 WL 10050316, at \*2 (N.D. Tex. Feb. 13, 2018) (quoting *Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at \*4 (M.D. Pa. Oct. 2, 2012)); *see Scoggins v. MacEachern*, No. 04-10814-PBS, 2010 WL 3169416, at \*1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986))).

Marz is not entitled to the appointment of counsel to assist him with seeking a sentence reduction under 18 U.S.C. § 3582. *See Finley*, 481 U.S. at 555; *Whitebird*, 55 F.3d at 1010-11 (declining to recognize constitutional or statutory right to assistance of counsel in bringing § 3582(c)(2) motion for sentence reduction); *United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at \*3 (S.D. Tex. June 2, 2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."). Moreover, Marz provides no basis for the court to conclude that the appointment of counsel would benefit him or the court in addressing his claims. A motion "for compassionate release is not particularly complex factually or legally." *United States v. Drayton*, No. 10-200018, 2020 WL 2572402, at \*1 (D. Kan. May 21, 2020); *see Diaz*, 2023 WL 1879404, at \*3; *United States v. Wilfred*, No. 07-351, 2020 WL 4698993, at \*1 (E.D. La. Aug. 13, 2020). A review of his PSR reveals that Marz was issued a Texas Certificate of

High School Equivalency in December 1982, participated in various educational programs while in state prison, and that he took and completed a number of college courses. In addition, he served in the U.S. Marine Corps in 1970-71, where he gained the rank of lance corporal, received special training in bookkeeping, and was honorably discharged. Marz has represented himself in all post-conviction filings, which have clearly set forth his positions with supporting arguments and/or documentation. Marz also previously submitted a *pro se* motion for compassionate release in 2021 as well as a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in 2016. While ultimately found to be without merit, both were well-written and contained cogent arguments. In any event, in this situation, Marz has failed to raise any potentially viable claims or any factually or legally complex issues that could arguably justify the appointment of post-conviction counsel. Marz, who is 75 years old, is on home confinement where he can access the medical care of his choice, and there is no indication that he is seriously ill, incapacitated, or otherwise a candidate for compassionate release. In fact, one of his major complaints is that home confinement restricts his ability to work outside certain geographic limitations from his home in Houston. Thus, the court finds that the discretionary appointment of counsel is not warranted. *See* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"); *Diaz*, 2023 WL 1879404, at *3 ("In other words, the 'interest of justice' does not require the appointment of counsel in this case."). Accordingly, Marz's motion for appointment of counsel is denied.

III.    Compassionate Release

    A.    Controlling Law

A judgment of conviction that imposes a sentence of imprisonment is a "'final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *accord Freeman v. United States*, 564 U.S. 522, 526 (2011); *see* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) embodies a narrow exception to a conviction's finality. *Rutherford v. United States*, 608 U.S. ___, 146 S. Ct. 1320, 1326 (2026). This statute gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment. The First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, 132 Stat. 5194, in part, amended 18 U.S.C. § 3582(c)(1)(A), which currently provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a)[2] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or

---

[2] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") provisions and policy statements; any pertinent policy statement of the United States Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

This provision is commonly referred to as "compassionate release." *See, e.g.*, *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) ("We often refer to this as 'compassionate release' because courts generally use it for prisoners with severe medical exigencies or infirmities."). The First Step Act "opened a new procedural route for seeking a reduction" by allowing the prisoner to "request that the [BOP] file a motion on his behalf, and, if it declines or fails to do so within 30 days, he may file a motion himself." *Rutherford*, 146 S. Ct. at 1328 (citing 18 U.S.C. § 3582(c)(1)(A)).

Rather than define "extraordinary and compelling reasons," Congress elected to delegate its authority to the United States Sentencing Commission ("Commission"). *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"); *Rutherford*, 146 S. Ct. at 1327; *United States v. Jean*, 108 F.4th 275, 278 (5th Cir. 2024), *abrogated on other grounds by United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025); *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022); *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). Although the Commission issued a policy statement prior to the passage of the Act that described the reasons

8

that qualify as extraordinary and compelling, that policy statement referenced only those motions filed by the Director of the BOP—thus, the United States Court of Appeals for the Fifth Circuit and other courts held that it was inapplicable to motions filed by defendants on their own behalf. *See Jackson*, 27 F.4th at 1090; *Cooper*, 996 F.3d at 287-88; *Shkambi*, 993 F.3d at 392.

Effective November 1, 2023, the Commission—responding to, among other things, the Act—amended the Guidelines to extend the applicability of the policy statement set forth in U.S.S.G. § 1B1.13 to defendant-filed motions and to broaden the scope of what qualifies as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13. Section 1B1.13(b), as amended, identifies six categories of circumstances that may qualify as "extraordinary and compelling." *Id*. § 1B1.13(b). These categories are:

(1)     the medical circumstances of the defendant;

(2)     the age of the defendant;

(3)      the family circumstances of the defendant;

(4)     whether the defendant was a victim of abuse while in custody;

(5)     other reasons similar in gravity to those previously described; and

(6)     an unusually long sentence.

*Id*. § 1B1.13(b)(1)-(6).

As a result, a prisoner seeking compassionate release on his own motion must satisfy the following hurdles:

(1)     the defendant must have exhausted his administrative remedies;

(2)     "extraordinary and compelling reasons" must justify the reduction of his sentence or he must satisfy the requirements of § 3582(c)(1)(A)(ii);

(3)     the reduction must be consistent with the Commission's applicable policy statements; and

(4)     the defendant must convince the court to exercise its discretion to grant the motion after considering the § 3553(a) factors.

*Jackson*, 27 F.4th at 1089; *Shkambi*, 993 F.3d at 392; *accord United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *see Austin*, 125 F.4th at 692.

B.     <u>Exhaustion of Administrative Remedies</u>

Section 3582(c)(1)(A)'s plain language makes it clear that the court may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021) ("[T]o file a proper motion for compassionate release in the district court, a prisoner must first exhaust the available administrative avenues."); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release in federal court "is *not* jurisdictional, but that it *is* mandatory").  Accordingly, before seeking relief from the court, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request.  18 U.S.C. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338 ("[A]n inmate has two routes by which he may exhaust his administrative remedies.  Both begin with 'requesting that the [BOP] bring a motion on the defendant's behalf.'" (quoting *Franco*, 973 F.3d at 467)).

Although this requirement is said to be mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule."  *Franco*, 973 F.3d at 468.  "Mandatory but

nonjurisdictional procedural filing requirements may be waived." *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022); *see United States v. Harden*, No. 4:11-CR-127-SDJ, 2025 WL 562716, at *5 (E.D. Tex. Feb. 20, 2025). Therefore, if the Government fails to "invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived. *McLean*, 2022 WL 44618, at *1.

The defendant bears the burden of proving that he has exhausted his administrative remedies before filing a motion for compassionate release. *United States v. Garcia-Martinez*, No. EP-24-CR-0764-DCG-1, 2025 WL 2427619, at *2 (E.D. Tex. Aug. 18, 2025); *accord United States v. DeJean*, No. 2:18-cr-120, 2025 WL 3687269, at *3 (E.D. La. Dec. 19, 2025); *United States v. Mahaffey*, No. 17-54-DLB-MAS-1, at *2 (E.D. Ky. July 3, 2025); *United States v. Escobar*, No. 15-CR-150-2 (ARR), 2024 WL 2111573, at *2 (E.D. N.Y. May 10, 2024); *United States v. Avelar*, No. 3:16-cr-0351-B-2, 2022 WL 17096173, at *2 (N.D. Tex. Nov. 20, 2022); *United States v. Singleton*, No. 14-168, 2022 WL 3576767, at *1-2 (E.D. La. Aug. 19, 2022). Without evidence that the defendant requested compassionate release from the warden and that thirty days have passed since the warden received or denied the request, the defendant fails to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *Avelar*, 2022 WL 17096173, at *2 (finding the exhaustion requirement was not met where a defendant provided a copy of a letter purportedly sent to the warden but did not provide proof the warden received the letter) (citing *United States v. Knox*, No. 3:12-CR-0252-B, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020)).

A defendant's motion for compassionate release must be based on the same circumstances as those raised in his request for release to the warden of the facility where he is housed. *United States v. Dodd*, No. 4:13-CR-182-SDJ, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020)

(stating that "[i]n order to exhaust her administrative remedies, a prisoner must first present to the BOP the same grounds warranting release that the prisoner urges in her motion"); *accord United States v. Gonzalez*, 849 F. App'x 116, 117 (5th Cir. 2021); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021); *United States v. York*, No. 4:07-CR-181-SDJ, 2025 WL 1397198, at *2-3 (E.D. Tex. May 14, 2025); *United States v. Thomas*, No. 4:19-CR-28-SDJ, 2023 WL 5279457, at *5 (E.D. Tex. Aug. 16, 2023) (citing *United States v. Mendoza-Garibay*, No. 4:13-CR-00281, 2023 WL 307459, at *1 (E.D. Tex. Jan. 18, 2023)).  "It would disrupt the 'orderly system for reviewing compassionate-release applications' and 'incentivize[] line jumping' to permit defendants to present grounds for compassionate release to the Court that the BOP had not already received the opportunity to consider."  *United States v. Silcox*, No. 3:17-CR-134-TAV-HBG-1, 2020 WL 4341758, at *2 (E.D. Tenn. July 28, 2020) (quoting *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020)).  Hence, the facts asserted in an inmate's request to the warden and in his motion for compassionate release must be consistent.  *United States v. Scott*, No. CR 17-114, 2024 WL 2187849, at *2 (E.D. La. May 14, 2024); *United States v. Reeves*, No. 3:18-cr-313-B, 2020 WL 3895282, at *2 (N.D. Tex. July 10, 2020);  *United States v. Samak*, No. 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020); *see Gonzalez*, 849 F. App'x at 117.

Further, "the exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release."  *United States v. Cantu*, No. 7:17-cr-01046-2, 2022 WL 90853, at *1 (S.D. Tex. Jan. 5, 2022) (citing *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020)); *accord DeJean*, 2025 WL 3687269, at *3; *Mendoza-Garibay*, 2023 WL 307459, at *2.  "It is well-settled that the exhaustion requirement is not satisfied when the defendant previously sought administrative relief *on a different ground*

than the ground presented to the district court." *DeJean*, 2025 WL 3687269, at *3.  Moreover,

successive compassionate release motions must independently satisfy the exhaustion requirement.

*United States v. Ford*, No. 1:16-CR-19-HAB, 2021 WL 5980368, at *2 (N.D. Ind. Dec. 16,

2021).  "If a prisoner were only required to make one request to the BOP and forever after [be]

able to file new motions asserting new grounds for relief, the purpose of the exhaustion

requirement would be severely undermined." *United States v. Wardle*, No. 5:18-57-KKC, 2021

WL 4822827, at *3 (E.D. Ky. Oct. 14, 2021); *accord Rivas*, 833 F. App'x at 558; *Ford*, 2021

WL 5980368, at *2.

In this instance, the Government invokes § 3582(c)(1)(A)'s exhaustion requirement in its

response.  The Government states:

> Construing Marz's motions for early release as motions under 18 U.S.C.
> § 3582(c)(1)(A), it does not appear from the face of either motion that Marz has
> satisfied the mandatory administrative exhaustion requirement of that provision.
> *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *United States v.
> Francois*, 2025 WL 1042841, at *4 (E.D. Tex. Apr. 4, 2025) (where defendant
> presented "no evidence" of exhaustion, the court could not conclude that he
> complied with the requirement).  As such, his motions for early release must be
> denied at this time.

As the Government points out, there is no evidence before the court that Marz submitted *any*

request for compassionate release to the warden or other authorized official responsible for

requests to the BOP's Reentry Service Division through the residential reentry facility that was

supervising Marz at the time he filed his motions in 2025 and 2026.  Marz's request for

compassionate release filed in 2021, when he was still incarcerated, does not suffice.  Nor does

Marz provide any evidence that he sought early termination of home confinement from any BOP

official or gave the BOP the information necessary to investigate the grounds for relief he now

raises in either of his motions.  Marz did not furnish the court with a copy of any request he

purportedly sent to the warden or to any other BOP official seeking compassionate release or early release from home confinement, and no such request appears in the case file.  Probation confirms:

> Though he appears to be in compliance with BOP guidelines, it should be noted that Mr. Marz has not yet submitted a Reduction in Sentence Request (RIS) through the RRC to the BOP's Reentry Service Division.  Furthermore, Mr. Marz did not submit an Administrative Remedy Request for Compassionate Release/Reduction in Sentence.  Thus, Mr. Marz did not exhaust his administrative remedies prior to filing the instant motion.

Absent evidence of a verifiable request for compassionate release or early release from home confinement submitted to the warden or other BOP official, Marz cannot prevail.

The court is without authority to waive the exhaustion of administrative remedies or the 30-day waiting period.  *Franco*, 973 F.3d at 468 ("Congress has commanded that a 'court *may not* modify a term of imprisonment' if a defendant has not filed a request with the BOP."); *see United States v. Harper*, No. 24-30275, 2024 WL 4664018, at *1 (5th Cir. Nov. 4, 2024) ("[B]ecause the Government properly raised the rule requiring exhaustion in the district court, 'the court *must* enforce the rule.'" (quoting *Franco*, 973 F.3d at 468)); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) ("[B]ecause this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it."); *United States v. Gomez*, No. 2:17-cr-41-KS-MTP, 2025 WL 420531, at *2 (S.D. Miss. Feb. 6, 2025) ("Congress used clear language:  all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts."); *United States v. York*, No. 17-00086-BAJ-RLB, 2024 WL 3771442, at *3 (M.D. La. Aug. 13, 2024) (recognizing that a court may not modify a term of imprisonment if a defendant has not filed a request with the BOP); *United States v. Garcia*, No. CR 2:18-1337, 2020 WL

3000528, at *3 (S.D. Tex. June 2, 2020) ("While the Court sympathizes with Defendant's plight, because he has failed to comply with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it."); *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) ("[J]udge-made exhaustion doctrines . . . remain amenable to judge-made exceptions," whereas "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.").

Because Marz presents no evidence that he has submitted any timely administrative remedy requests to the BOP, he has not met his burden of proof to establish that he has exhausted his administrative remedies with respect to his current motions. Hence, due to his failure to exhaust his administrative remedies before filing the motions, the court lacks the authority to grant the relief Marz requests.

To the extent Marz seeks "hardship credit for hard time served," he fails to identify a statutory basis by which the court may accord him such credit. "There is no federal statute that permits shorter sentences for inmates serving 'harder' time in certain prisons." *United States v. Nevarez-Ledezma*, No. CR 19-1379 KG, 2021 WL 4430157, at *1 (D.N.M. Sept. 27, 2021); *United States v. Ruiz-Lujan*, No. CR 17-2490 KG, 2021 WL 2141857, at *1 (D.N.M. May 26, 2021); *United States v. Bear*, No. 1:19-CR-10034-01-CBK, 2021 WL 1925488, at *1 (D.S.D. May 13, 2021) (finding no federal statute "that would allow a prisoner to receive two days credit for each day served on a sentence due to the conditions of confinement"). Other courts across the nation have similarly rejected such a claim for lack of a cognizable legal basis. *See, e.g.*, *United States v. Green*, No. CR415-204, 2021 WL 1929552, at *1 (S.D. Ga. May 13, 2021) (finding no authority to support defendant's motion for "hardship credit for hard time served"); *United States*

15

*v. Mitchell*, No. 15-20609, 2021 WL 1827202, at \*2 (E.D. Mich. May 7, 2021) (same); *United States v. Brown*, No. 2:14-CR-130, 2021 WL 1725545, at \*1 (E.D. Tenn. Apr. 30, 2021) (same); *United States v. Barnes*, No. CR 113-199, 2021 WL 1395199, at \*1 (S.D. Ga. Apr. 13, 2021) (same). Thus, Marz's claim for hardship credit for hard time served must be rejected.

The court further notes that Marz's belated efforts to challenge the validity of his underlying conspiracy conviction and resulting sentence of imprisonment through his current motions are misplaced. Where "a prisoner moves for relief because of alleged problems with the underlying criminal investigation or trial, his motion suggests that his conviction is flawed," which falls within the purview of a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2255. *Fernandez v. United States*, 608 U.S. \_\_\_, 146 S. Ct. 1292, 1305 (2026). Marz previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by the court in 2021 and was not appealed. He cannot now recast his challenge to his conviction and sentence as a motion for compassionate release. "Challenging the validity of a conviction through a compassionate release motion circumvents the exacting requirements of § 2255." *Id.* at 1301. "[T]he supposed invalidity of a conviction is not among the 'extraordinary and compelling reasons' that justify compassionate release." *Id.* at 1302. "The compassionate release provision is not a vehicle for attacking the validity of a conviction." *Id.* at 1306. Therefore, Marz's efforts to challenge his underlying charge, plea, conviction, and sentence through his motions brought pursuant to 18 U.S.C. § 3582(c)(1)(A) provide no basis for relief.

III.   Conclusion

In sum, Marz has not satisfied his burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. Marz has failed to

show that he exhausted his administrative remedies before seeking compassionate release or early release from home confinement.  Therefore, in accordance with the foregoing analysis, Marz's *pro se* Motion for Release from Home Confinement (#656) and *pro se* Motion for Early Release from Custody (#657) are DISMISSED, or in the alternative, DENIED.  Marz's *pro se* Motion For Appointment of Counsel (#656) is DENIED.  Marz's pro se Motion for Hardship Credit for Hard Time Served (#657) is DENIED.

SIGNED at Beaumont, Texas, this 14th day of July, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE